# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
## CASE NO.:

**ALBERTO MUNIZ DEL VALLE**,

       **Plaintiff,**

vs.

**NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER,**

       **Defendant.**

_____/

## COMPLAINT

Plaintiff, ALBERTO MUNIZ DEL VALLE, by and through their undersigned counsel, and bring this action against the Defendant, NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER ("Nationstar"), and in support allege as follows:

## INTRODUCTION

1. This is an action brought by consumers for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and the respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA, Sections 1024.35 and 1024.36 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because the property (the "subject property") is located in Miami County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto the Defendant was and is a Delaware limited liability company duly licensed to transact business in the State of Florida.

8. At all times material hereto, Plaintiff owned and continues to own the subject property, which is located in Miami-Dade County, Florida with an address of 25273 SW 117th Place, Homestead, FL 33032.

9. At some point in time prior to the violations alleged herein, the Defendant was hired to service the subject loan.

10. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property.

11. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number XXXXXX2783.

**BACKGROUND AND GENERAL ALLEGATIONS**

12. On or about November 25, 2016, the Plaintiff entered into a promissory note agreement with Freedom Mortgage Corporation (the "Note") for what he intended to be his primary residence.

13. The Note was secured by a mortgage on the subject property (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

14. Plaintiff entered into a Loan Modification with the original servicer, Freedom Mortgage Corporation, and began making modified loan payments in amount of $2,484.31 on or about September 1, 2021.

15. Shortly thereafter, the loan was service released to its current servicer NATIONSTAR.

16. To the best of Plaintiff's knowledge, he has made payments on the loan such that the loan should be current despite NATIONSTAR's statements and actions to the contrary, or at a minimum, any past due balance would be substantially less than what NATIONSTAR has alleged.

17. NATIONSTAR has assessed numerous fees and charges to the account that should have never been assessed.

18. Plaintiff retained Loan Lawyers, LLC ("Loan Lawyers") as counsel to represent him in his efforts to get answers as to what has happened that has caused NATIONSTAR to assert that Plaintiff is delinquent on his loan obligations.

**I.     The Request for Information and Notice of Error**

19. In furtherance of the efforts to assist Mr. Muniz Del Valle, Loan Lawyers sent a Qualified Written Request in the form of a Request for Information (RFI) and Notice of Error (NOE) to NATIONSTAR on or about July 22, 2022. (see Exhibit B)

20. Plaintiff will not detail every request in the RFI and NOE the body of this complaint, but incorporates Exhibit B into the complaint and will provide a few highlights herein.

21. The Qualified Written request was received by NATIONSTAR on or about August 4, 2022.

22. As the date this lawsuit document NATIONSTAR has not responded to even one inquiry nor produced one documents in response.

23. The Request for Information itself was very pointed and specific and requested specific information that Plaintiff and his counsel needs to see exactly was has gone awry. Requests such as these are the very reason that the Request for Information regulations found at 12 C.F.R. §1024.36 were enacted.

24. NATIONSTAR was specifically asked about forced placed insurance on the property as this was not an escrowed loan, but at some point NATIOSNTAR apparently forced placed an escrow account.

25. As referenced in the RFI, Plaintiff entered into a Loan Modification with Freedom Mortgage Corporation (original servicer). Payments under the aforementioned Loan Modification began on or about September 1, 2021, prior to the loan being transferred to its current NATIONSTAR. Plaintiff, not Plaintiff's counsel has received any correspondence from Defendant as to the status of the agreed upon loan modification, hence the request was made in the RFI for an explanation, as is set forth in detail in Exhibit B.

26. The RFI also requested NATIONSTAR to provide all related correspondence related to the transfer of the loan from the original loan servicer to NATIONSTAR so that Plaintiff and his counsel can see any and all communication referencing the loan. This information is necessary to determine exactly where things have gone awry.

27. The RFI also referenced payments that NATIONSTAR has not applied to Mr. Muniz Del Valle and was asked to provide information regarding these payments, as more specifically set forth in Exhibit B. This information would allow Plaintiff and his counsel to see if NATIONSTAR has committed any servicing violations (as it appears that they have), but without this information, Plaintiff and his counsel are left in the dark.

28. The RFI specifically requested acknowledgement if NATIONSTAR is possession of the loan modification agreement between Freedom Mortgage Corporation and Mr. Muniz Del Valle.

29. Furthermore, the RFI requested NATONSTAR to acknowledge if the Loan modification entered into by Freedom Mortgage Corporation and Mr. Muniz Del Valle had been honored by NATIONSTAR. Mr. Muniz Del Valle has no idea if NATIONSTAR credited Mr. Muniz Del Valle payments toward the agreed upon loan modification or considers Plaintiff's loan to be in default, especially in light of the fact that Mr. Muniz Del Valle has been making payments during this time and assumed his loan to be in good standings. This has caused Mr. Muniz Del Valle significant distress and is directly related to NATIONSTAR's failure to provide any information to the same.

30. NATIONSTAR was further asked if Mr. Muniz Del Valle monthly mortgage payment(s) for the loan modification were accepted. If not, what was the monthly mortgage amount NATIONSTAR shows Mr. Muniz Del Valle owed as of January 1, 2022, and provide a breakdown as to the same. To date, NATIONSTAR has not provided any of the requested information, which may be leading to the misapplication of payments that has caused a further fictitious default on this loan.

31. The above are several highlights of the issues that Mr. Muniz Del Valle and his counsel need answers to.

32. In addition to the RFI portion of the qualified written request, NATIONSTAR was also put on notice of mortgage servicing errors as more particularly set forth in Exhibit B.

33. These errors included violations such as misapplication of payment(s), and failure to honor the loan modification agreement entered into by the previous loan servicer Freedom Mortgage Corporation and Mr. Muniz Del Valle.

34. NATIONSTAR has never responded to either the RFI portion of the qualified written request, nor the NOE portion.

35. It appears that NATIONSTAR has botched the servicing of this loan on many fronts.

36. Borrowers such as Mr. Muniz Del Valle have a right to receive information and explanations as set forth in Regulation X.

37. Mr. Muniz Del Valle lives in the subject property with his wife and children and is suffering greatly from emotional distress without having this information.

38. Mr. Muniz Del Valle is in the dark as to what has gone wrong with his loan despite making regular monthly payments.

39. Every day that goes by that NATIONSTAR continues to ignore the qualified written request is in another day of suffering from the uncertainty of what is going on with this loan.

40. Mr. Muniz Del Valle worries that the home he lives in will be placed into foreclosure, and NATIONSTAR's failure to provide the requested information is causing Mr.

Muniz Del Valle to suffer from stress and anxiety about not knowing what went wrong with his loan and what will happen.

41. Further, Mr. Muniz Del Valle counsel is unable to provide any meaningful answers to Mr. Muniz Del Valle nor provide any assistance to help him resolve these issues without the requested documents and explanations.

42. In furtherance of the effort to obtain this much needed information, Mr. Muniz Del Valle's counsel sent a letter via certified mail on September 19, 2022 reminding NATIONSTAR of its obligations to respond to the qualified written request.

43. NATIONSTAR received the aforementioned letter on or about September 26, 2022 and still has not provided any response whatsoever. (attached as Exhibit C)

44. Once Mr. Muniz Del Valle has the information requested in the Qualified Written Request and the explanation from NATIONSTAR, he can then take the next steps to rectify whatever has gone wrong.

II. **Requirements After NATIONSTAR Received Plaintiff's Qualified Written Request**

45. The Defendant was obligated to acknowledge receipt of Plaintiffs' Qualified Written Request in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d). NATIONSTAR never provided the acknowledgement letter.

46. The Defendant was further required to provide a written response to Plaintiffs' additional information requests within thirty (30) business days, with the requested information included or a written statement that the "requested information is not available to the servicer" and the "basis for the servicer's determination." See 12 C.F.R. § 1024.36(d).

47. Pursuant to RESPA under 12 C.F.R. §1024.36(d) NATIONSTAR was required to provide its' written response to the Request for Information by August 21, 2022. Despite more than 4 months elapsing since receipt of the RFI, NATIONSTAR has still failed to do so.

48. The Defendant was further required to provide a written response to Plaintiffs' Notice of Error within thirty (30) business days after having conducted a reasonable investigation and sharing the results of that investigation with Mr. Muniz Del Valle, and correcting any servicing errors. See 12 C.F.R. § 1024.35(e). Despite more than 4 months elapsing since receipt, NATIONSTAR has still failed to do so.

49. Exhibit C provided the Defendant with an additional opportunity to comply with the law thus granting an extension without a request, however NATIONSTAR has still failed to comply.

50. Despite those efforts, the Defendant has failed or refused to respond to and/or correct the errors of which they were advised, contrary to 12 C.F.R. §1024.35, and has failed or refused to respond to Plaintiff's RFI, contrary to 12 C.F.R. §1024.36(c) and 12 C.F.R. §1024.36(d)(2)(i)(B), as well. Each of these errors in NATIONSTAR's servicing conduct is a violation of RESPA.

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

51. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 50 against the Defendant.

52. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>     A servicer of a federally related mortgage shall not--
>
>     \*\*\*\*

>    **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>
>    ****
>
>    **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
>
> 12 U.S.C. § 2605(k)

53. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

54. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

55. NATIONSTAR's failure to respond to the Request for Information and Notice of Error is a violation of federal Regulation X.

56. Defendant has also failed to or refused to comply with 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B) by not providing any written response to a request for information within the required timeframe.

57. Further, by failing to conduct a reasonable investigation of the errors alleged by Mr. Muniz Del Valle, by failing to inform Mr. Muniz Del Valle of the results of that investigation, and by failing to correct any errors, the Defendant has also failed to or refused to comply with 12 C.F.R. §1024.35(e)(1) and 12 C.F.R. § 1024.35(e)(3)(i)(B).

58. Further, Defendant appears to have misapplied payment(s) as set forth above and in the RFI in violation of 12 C.F.R. § 1024.35(b)(2) by applying monies paid by Mr. Muniz Del Valle for regular monthly payment as laid out in the loan modification agreement.

59. Further, Defendant has assessed late fees and other default related fees on the loan during times the loan should have been deemed current in violation of 12 C.F.R. § 1024.35(b)(5).

60. As such, the Defendant has committed multiple violations of 12 U.S.C. § 2605(k)(1)(E) and the implementing regulations found at Regulation X.

61. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

62. The Plaintiff has been injured in fact, and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiffs and other consumers like them. The threshold of the Defendant's violations stem from the failure to provide the information requested in the Request for Information and for failing to conduct a reasonable investigation of the errors alleged by Mr. Muniz Del Valle, by failing to inform Mr. Muniz Del Valle of the results of that investigation, not honoring the loan modification, by misplaying payments, causing his loan balance to increase, and by failing to correct any errors. These injuries are also in the form of postage costs for sending Exhibit C and emotional distress damages as more particularly described herein.

63. In addition, Mr. Muniz Del Valle seeks nominal damages for violation of his rights pursuant to RESPA and implemented through regulation X as is more particularly described herein.

64. Therefore, Plaintiff's injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, the Defendant violated the Plaintiffs' procedural rights under RESPA by not providing the information responsive to the Plaintiffs' requests for that information and for failing to respond to the notice of error and for all of the other violations set forth herein.

65. Plaintiff is entitled to actual damages and nominal damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's reminder letter and notice and opportunity to cure (Exhibit C) and (2) emotional distress due to Defendant's failure to adequately respond to inquiries as required by RESPA. See Martinez v. Shellpoint Mortg. Servicing, No. 16-60026-CIV, 2016 WL 6600437 (S.D. Fla. Nov. 8, 2016); Porciello v. Bank of America, N.A., 2015 WL 899942 (M.D. Fla. 2015)(same); Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014)(finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment). Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing his property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address the Plaintiff's concerns relating to his loan. See Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014) (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

66. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, ALBERTO MUNIZ DEL VALLE, respectfully ask this Court to enter an order granting judgment for the following:

(a) That the Defendant be required to provide the totality of the information requested in Plaintiff's request for information with detail and specificity;

(b) That the Defendant be ordered to conduct a reasonable investigation of the errors alleged by Mr. Muniz Del Valle, inform Mr. Muniz Del Valle of the results of that investigation, and correct any errors found in the investigation;

(c) For actual damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(d) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, ALBERTO MUNIZ DEL VALLE, hereby demand a trial by jury of all issues so triable.

Date:   December 21, 2022

Respectfully Submitted,

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esquire
FL Bar No.: 175821
E-mail: matthew@fight13.com
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile:  (954) 581-2786
*Attorney for Plaintiff*